UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 14-5051 DSF (SHx) | Date | 11/12/15 |
| Title | Luis Villegas v. Hyattseville Management LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DISMISSING Case and Imposing Sanctions

Plaintiff twice moved for default judgment against Defendants in this case. The first time, the motion was denied, in part, because Plaintiff had not alleged that the removal of the architectural barriers in question was readily achievable. Plaintiff then filed a second motion for default judgment that was word-for-word identical to the first and provided no consideration to any of the points made in the Court's extensive order denying the first motion. Plaintiff's counsel was then ordered to show cause why they should not be sanctioned for their behavior. Counsel's response is basically that they disagree with the Court's position as to whether Plaintiff needs to plead that the barriers are readily achievable and that filing a duplicative motion was, for some unfathomable reason, "was the only avenue with which Plaintiff could pursue his case."[1]  (Price Decl. ¶ 7.) Why Plaintiff could not have simply agreed to dismissal of the case with a reservation of a right to appeal the Court's denial of default judgment after the *first* motion and what was to be gained by the second motion is not explained.

As Plaintiff's counsel admits that it cannot meet the Court's standard for a default

---

[1] Counsel's argument focuses on the difficulty of proving against a defaulting defendant that removal of a barrier is readily achievable. Aside from the fact that in many default cases some evidence of achievability could be produced through a presentation of the nature of the barrier and the business, the Court's ruling was based on Plaintiff's failure to *plead* that removal was readily achievable, not his inability to prove it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

judgment in this case, the case is dismissed without prejudice. The Court finds that sanctions are appropriate both because a duplicative motion wastes Court resources, but also because filing an identical motion to one already denied at least suggests a hope that the Court will not notice that nothing has changed and will inadvertently grant the motion. Plaintiff's counsel is sanctioned in the amount of $500. Sanctions must be paid to the clerk of the court no later than December 7, 2015.

IT IS SO ORDERED.